**ROAD SPRINKLER FITTERS LOCAL UNION NO. 669, U.A., AFL–CIO, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**Austin Fire Equipment, LLC, Intervenor.**

**No. 15–1014.**

United States Court of Appeals, District of Columbia Circuit.

March 10, 2016.

William Walter Osborne, Osborne Law Offices, PC, Washington, DC, for Petitioner.

---

1. Our review is confined to the reasons given by the Board. *See, e.g., Macmillan Publishing Co. v. NLRB,* 194 F.3d 165, 168 (D.C.Cir. 1999) ("We cannot sustain agency action on grounds other than those adopted by the agency in the administrative proceedings."). The Board was explicit that it considered only the language in the agreement, and we do the same in holding that its language is insufficient to establish a section 9(a) relationship.

Jeffrey William Burritt, Linda Dreeben, John H. Ferguson, Jill A. Griffin, National Labor Relations Board, Washington, DC, for Respondent.

I. Harold Koretzky, Sarah Elizabeth Stogner, Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, LLC, New Orleans, LA, for Intervenor.

Before: TATEL, BROWN and MILLETT, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review was considered on the record from the National Labor Relations Board and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED and ADJUDGED** that the petition for review be denied.

In *Staunton Fuel*, the National Labor Relations Board established that a contract between a union and an employer can overcome the presumption that a construction-industry bargaining relationship is governed by section 8(f) of the National Labor Relations Act; 29 U.S.C. § 158(f), rather than section 9(a), *id.* § 159(a), if the contract's language "unequivocally indicates that (1) the union requested recognition as the majority or 9(a) representative of the unit employees; (2) the employer recognized the union as the majority or 9(a) bargaining representative; and (3) the employer's recognition was based on the union's having shown, or having offered to show, evidence of its majority support," *In re Staunton Fuel & Material, Inc.*, 335 N.L.R.B. 717, 720 (2001). The Board applied the *Staunton Fuel* test, and the appellant Union does not dispute that it provides the dispositive legal standard, so we assume its applicability here.

Austin Fire Equipment, LLC ("Austin Fire"), a company that installs building sprinklers, and Road Sprinkler Fitters Local Union No. 669, U.A., AFL–CIO ("the Union") entered into a collective bargaining agreement that says the following:

The employer executing this document below has, on the basis of objective and reliable information, confirmed that a clear majority of the sprinkler fitters in its employ are members of, and are represented by Road Sprinkler Fitters Local Union No. 669, U.A., AFL–CIO, for purposes of collective bargaining.

The employer therefore unconditionally acknowledges and confirms that Local Union 669 is the exclusive bargaining representative of its sprinkler fitter employees pursuant to Section 9(a) of the National Labor Relations Act.

*Austin Fire Equipment, LLC,* 359 N.L.R.B. No. 3 (2012).

The Board found that this language failed to satisfy the third *Staunton Fuel* requirement. We agree. Although the contract indicates that Austin Fire had evidence that a majority of the relevant employees were "represented by" the Union and were "members of" the Union, *Staunton Fuel* expressly holds that such evidence is insufficient to satisfy the third requirement:

[W]ith respect to the union's claim of majority support, there is a significant difference between a contractual statement that the union "represents" a majority of union employees—which would be accurate under either an 8(f) or a 9(a) agreement—and a statement to the effect that, for example, the union "has the support" or "has the authorization" of a majority to represent them. Similarly, a provision stating only that a majority of unit employees "are members" of the

union would be consistent with a union security obligation under either an 8(f) or a 9(a) relationship and is therefore insufficient to confirm 9(a) status. *Staunton Fuel,* 335 N.L.R.B. at 720 (internal citation omitted).

None of the Union's three arguments to the contrary is convincing. First, it cites cases predating *Staunton Fuel* that found evidence of majority membership or representation sufficient to establish a 9(a) agreement and argues that such evidence remains sufficient. But *Staunton Fuel* expressly stated that such evidence is no longer adequate and overruled its prior cases that relied on majority membership: "[t]o the extent that any of our ... cases may be read to imply that an agreement indicating that the union 'represents a majority' or has a majority of 'members' in the unit, without more, is independently sufficient to establish 9(a) status, those cases are overruled." *Id.*

Second, it asserts that express contractual language indicating the parties' intent to form a 9(a) agreement overcomes any need to have evidence of majority support. *Staunton Fuel* is clear, however, that to overcome the 8(f) presumption, contractual language must demonstrate both party intent to form a 9(a) relationship and evidence of majority support.

Third, the Union asserts that the Board's decision in this case conflicts with prior decisions in which the Board concluded that similar Union contracts established 9(a) agreements. In those cases, however, the contracts stated that the employer had information confirming that a majority of the relevant employees "ha[d] designated"

the Union "for purposes of collective bargaining," *e.g., Triple A Fire Protection, Inc.,* 312 N.L.R.B. 1088, 1088 (1993), a critical distinction because such language may provide what is missing here: evidence of majority authorization.[1]

The Union finally asserts that section 10(b) of the Act, which bars challenges to the validity of a 9(a) agreement more than six months after the agreement begins, *see Raymond F. Kravis Center for Performing Arts, Inc. v. NLRB,* 550 F.3d 1183, 1189–90 (D.C.Cir.2008), prevented Austin Fire from asserting that the contract established a section 8(f) agreement. We have previously rejected this exact argument, explaining that it "begs the question" because "[t]he fundamental issue ... is whether the ... contract was subject to section 8(f) or 9(a)." *Nova Plumbing, Inc. v. NLRB,* 330 F.3d 531, 539 (D.C.Cir.2003); *accord Brennan Sand & Gravel Co.,* 289 N.L.R.B. 977, 979 (1988). Because the contract established only a section 8(f) agreement, section 10(b) does not apply.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

---

1. Our review is confined to the reasons given by the Board. *See, e.g., Macmillan Publishing Co. v. NLRB,* 194 F.3d 165, 168 (D.C.Cir. 1999) ("We cannot sustain agency action on grounds other than those adopted by the agency in the administrative proceedings."). The Board was explicit that it considered only the language in the agreement, and we do the same in holding that its language is insufficient to establish a section 9(a) relationship.